# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-41099

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE MONDRAGON-SANTIAGO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Laredo Division

Before KING, DENNIS, and ELROD, Circuit Judges.[*]

JENNIFER W. ELROD, Circuit Judge:

Jose Mondragon-Santiago appeals his sentence for attempted unlawful reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. The district court sentenced him to fifty months of imprisonment and three years of supervised release, which is within the range established by the U.S. Sentencing Commission Guidelines Manual (U.S.S.G. or Guidelines). We affirm Mondragon-Santiago's sentence and reform the district court's judgment to reflect the correct statutory subsection.

---

[*] Carolyn Dineen King, Circuit Judge, concurs in the judgment only.

## I. BACKGROUND

Mondragon-Santiago is a Mexican citizen who was arrested while attempting to enter the United States without permission on October 8, 2006 following removal from the United States a year earlier. He pled guilty to the indictment, which charged him with attempted unlawful reentry in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. In the presentence report (PSR), the probation officer assessed a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), predicated upon Mondragon-Santiago's offense of aggravated assault with a deadly weapon committed in Dallas, Texas, on August 24, 2002. The state court ordered four years of deferred adjudication probation.[1] The PSR calculated Mondragon-Santiago's sentencing range—based in part on the enhancement—to be forty-six to fifty-seven months.

Mondragon-Santiago objected to the PSR on two grounds, only one of which is relevant to this appeal. Mondragon-Santiago requested a downward departure under U.S.S.G. § 4A1.3(b), claiming the Guidelines over-represented his criminal history. The PSR assessed two points for his aggravated assault offense, and an additional two points because he was on community supervision when he committed the present crime. Thus, the same criminal act contributed four points to his criminal history status in addition to adding sixteen levels to his base offense level. While conceding that these calculations were correct under the Guidelines, Mondragon-Santiago claimed they exaggerated his propensity to commit crimes.

At sentencing, Mondragon-Santiago's counsel requested the downward departure described in the written objections, and also asked for a downward departure based on the factors of 18 U.S.C. § 3553(a). Specifically, counsel argued that Mondragon-Santiago does not have a history of "prior

---

[1] Mondragon-Santiago failed to report, and a warrant for his arrest was issued in Dallas County on November 1, 2005. He was deported to Mexico in September 2005.

apprehensions." He also noted that the defendant's wife and two children live in Dallas, that he faces a four-year sentence for his aggravated assault conviction, and that he had a history of working. The longest time Mondragon-Santiago had spent in jail before this offense was ninety days (for driving while intoxicated).

The district court heard these arguments, engaged in a brief colloquy with defense counsel regarding Mondragon-Santiago's failure to observe the conditions of his probation, and then allowed the defendant to speak for himself. After hearing Mondragon-Santiago state that he needed to be with his family, the district court asked him how he would accomplish that goal without entering the United States illegally. Mondragon-Sandiago responded that he would not be able to see his family if the government would not let him enter the country. The district court suggested that maybe his family could visit him, and then imposed a sentence of fifty months of imprisonment followed by three years of supervised release. Mondragon-Santiago's attorney objected on the grounds that the sentence was "greater than necessary." The district court overruled the objection. Mondragon-Santiago appealed.

## II. STANDARDS OF REVIEW

On appeal, Mondragon-Santiago raises three arguments in favor of resentencing. First, he argues the district court committed a procedural error by failing to adequately explain his sentence. Second, he argues that his sentence is substantively unreasonable because the district court, at sentencing, did not have the benefit of the Supreme Court's decisions in *Gall v. United States*, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which he claims alter sentencing law in fundamental ways. Mondragon-Santiago then argues, also under the rubric of substantive unreasonableness, that appellate courts should discard the presumption of reasonableness applied to within-Guidelines sentences when empirical studies do not undergird the

Guidelines at issue. Finally, Mondragon-Santiago argues he was convicted and sentenced under the wrong statutory subsection.

Following the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005), in which the Court rendered the Guidelines advisory only, appellate courts review sentences for reasonableness under an abuse-of-discretion standard. *Gall*, 128 S. Ct. at 594. This review occurs in two stages. First, the court must ensure that the district court did not err procedurally by, for example, miscalculating or failing to calculate the sentencing range under the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citing *Gall*, 128 S. Ct. at 597). If the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances. *Id.* at 767; *Gall*, 128 S. Ct. at 597. In this circuit, a sentence within the Guidelines range is presumed reasonable on appeal. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

"The district court must make an individualized assessment based on the facts presented," and may deviate from the Guidelines based on policy considerations or because the Guidelines fail to reflect the § 3553(a) factors. *Id.* at 339. The district court should consider the factors in § 3553(a) in light of the parties' arguments, and may not presume the Guidelines range is reasonable. *Gall*, 128 S. Ct. at 596–97. The district court must adequately explain the sentence "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 597. "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339.

The parties dispute whether Mondragon-Santiago preserved error on the procedural reasonableness of his sentence—that is, his claim that the district court failed to properly explain the sentence. The government argues that the defendant's oral objection to the sentence as greater than necessary did not raise any issue with the district court's explanation of the sentence. Mondragon-Santiago counters that his objection preserved review for reasonableness, including both its procedural and substantive components. We agree with the government that Mondragon-Santiago's objection failed to preserve his procedural claim of error.

"A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)). Mondragon-Santiago's objection sufficed to alert the district court of his disagreement with the substance of the sentence, but not with the manner in which it was explained. He could have asked the district court for further explanation during the sentencing hearing, but did not. A district court hearing an objection that a sentence is "greater than necessary" would not know from those words that the defendant wanted further explanation of the sentence. We recently stated as much: "When a defendant fails to raise a procedural objection below, appellate review is for plain error only." *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *see also United States v. Peltier*, 505 F.3d 389, 391–94 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008) (applying plain error standard to claims of substantive and procedural unreasonableness when defendant failed to object to his sentence).[2] In *Lopez-*

---

[2] We note a circuit split on the issue of whether a defendant must object at sentencing to preserve error on appeal. *See United States v. Sevilla*, 541 F.3d 226, 231 & n.3 (3d Cir. 2008) (holding that a defendant need not object if he raised meritorious issues under 18 U.S.C.

*Velasquez*, the defendant objected to the sentence on various grounds, but not for any procedural reason. 526 F.3d at 805–06. We reviewed his claim of procedural unreasonableness—that the district court did not properly explain the sentence, an argument raised for the first time on appeal—for plain error, and his substantive claims under the usual, abuse-of-discretion standard. *Id.* at 806–07. We follow the same course here.

We remedy forfeited error only when it is plain and affects the defendant's substantial rights. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Even when these elements are met, we have discretion to correct the forfeited error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Mondragon-Santiago concedes that his issue claiming that he was convicted and sentenced under the wrong statutory subsection should be reviewed for plain error.

## III. DISCUSSION

### A. Procedural Reasonableness

Mondragon-Santiago argues that his sentence is procedurally unreasonable because the district court did not adequately explain it. Congress requires the sentencing court to state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). While sentences within the Guidelines require "little explanation," *Mares*, 402 F.3d at 519; *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007), more is required if the parties present legitimate reasons to depart from the Guidelines: "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Rita*, 127 S. Ct. at 2468. The district court's explanation "allow[s]

---

§ 3553(a), and listing cases from other circuits). *Peltier* has settled this issue in our circuit, however, holding that defendants must object at sentencing to avoid plain error review. 505 F.3d at 391–92.

for meaningful appellate review and . . . promote[s] the perception of fair sentencing." *Gall*, 128 S. Ct. at 597.

Mondragon-Santiago claims that he presented arguments to the district court under § 3553(a) to justify a downward departure, but the court ignored them. The government responds that the district court considered the defendant's arguments and rejected them, noting the nature of his previous conviction for aggravated assault with a deadly weapon, and recognizing the defendant's family situation. The district court listened to the arguments and asked questions of defense counsel and the defendant, but the court did not directly address the arguments before reciting the Guidelines calculation and range and choosing a sentence within that range. In fact, the district court did not mention any § 3553(a) factors at all.

A survey of recent cases on this topic illustrates the inadequacy of the district court's explanation. In *Rita*, the district court acknowledged that the defendant was requesting a downward departure under § 3553(a) and summarized the defendant's arguments. 127 S. Ct. at 2461. After hearing the government's response, the court "concluded that he was 'unable to find that the [report's recommended] sentencing guideline range . . . is an inappropriate guideline range for that, and under 3553 . . . the public needs to be protected if it is true, and I must accept as true the jury verdict.'" *Id.* at 2462 (alterations in original). The Supreme Court determined that "the sentencing judge's statement of reasons was brief but legally sufficient." *Id.* at 2469.

In *United States v. Rodriguez*, 523 F.3d 519 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008), the district court overruled the defendant's written objections to the PSR for the reasons given in the addendum. 523 F.3d at 522. The court then listened to the defendant's arguments for a sentence at the low end of the Guidelines range, but rejected them and sentenced him at the high end of the range. *Id.* at 522–23. The district court believed that sentence "adequately

addressed the objectives of punishment and deterrence." *Id.* at 523. On appeal, this court affirmed, noting that the district court had seen the defendant's arguments in the objections to the PSR and had expressly adopted the PSR's findings and reasoning. *Id.* at 525. This court found the district court's reasons adequate in light of *Rita. Id.* at 525–26.

In *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008), this court affirmed the defendant's sentence when the district court rejected his arguments for a downward departure. The defendant had filed a sentencing memorandum in which he analyzed the various § 3553(a) factors and requested a below-Guidelines sentence. 523 F.3d at 556. He made the same arguments at the sentencing hearing, and the district court noted them but "was persuaded on the basis of the arguments made both here today and in the sentencing memorandum that [the court] should not depart downward from the Guideline range." *Id.* at 557. In affirming, this court found the district court had considered the defendant's arguments and adequately addressed them. *Id.* at 565.

In *United States v. Bonilla*, 524 F.3d 647 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009), the defendant objected to the PSR, but the district court overruled the objections. On appeal, this court opined: "Error does not necessarily result when the district court's reasons, as in this case, are not clearly listed for review." 524 F.3d at 657. The district court stated that it had "considered the arguments made earlier . . . as well as the information in the report," and also that it kept "in mind the factors that the court has to consider in imposing a sentence." *Id.* Based on these statements, this court analyzed the record to determine if the arguments and report stated sufficient reasons to uphold the sentence. *Id.* at 658. The court found such support, but strongly recommended that the district court explicitly state its reasons on the record. *Id.* ("A clear statement of reasons on the record also serves to prevent the

inefficiency that would result from remand and resentencing if on appeal we had been unable to determine the court's reasons from the record.").[3]

In *Rita*, *Rodriguez*, and *Gomez-Herrera*, the sentencing court acknowledged that § 3553(a) arguments had been made and devoted a few words to rejecting them. In *Bonilla*, the sentencing court referred to arguments previously made and to the report, thereby incorporating that reasoning into her decision, in which she explicitly noted her consideration of the sentencing factors. Unlike in these cases, the district court in this case did not give any reasons for its sentence beyond a bare recitation of the Guideline's calculation. This despite the fact that Mondragon-Santiago raised arguments before the district court concerning his family, his work history, and his prior convictions, all of which are relevant considerations under § 3553(a). *See* § 3553(a)(1) (including as a sentencing factor "the nature and circumstances of the offense and the history and characteristics of the defendant").[4] The district court did not mention Mondragon-Santiago's arguments, and the court's statement of reasons

---

[3] Other circuits have vacated defendants' sentences because the district courts failed to explain them sufficiently. In *United States v. Peters*, 512 F.3d 787 (6th Cir. 2008), the defendant made various arguments under § 3553(a) in favor of leniency, but the district court acknowledged them only in a "cursory statement." 512 F.3d at 788. The Sixth Circuit found this explanation inadequate under *Rita*. *Id.* at 788–89; *see also United States v. Thomas*, 498 F.3d 336, 340–41 (6th Cir. 2007). In *United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007), the district court's sentence was pre-*Rita*, but the Seventh Circuit vacated and remanded because the district court explained the sentence using only general "truisms" already built into the Guidelines. 505 F.3d at 796. The Seventh Circuit found these explanations insufficient because they did not individually pertain to the defendant and his arguments about his specific condition. *Id.* The sentences imposed in these cases appear to have been within the Guidelines range, but none was decided under the plain error standard.

[4] *See also Rita*, 127 S. Ct. at 2473 (Stevens, J., concurring) ("Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines. These are, however, matters that § 3553(a) authorizes the sentencing judge to consider." (citation and footnote omitted)).

did not further illuminate its reasoning.[5] The total explanation of the court was as follows: "This is an Offense Level 21, Criminal History Category 3 case with guideline provisions of . . . 46 to 57 months. The defendant is committed to the Bureau of Prisons for a term of 50 months. He will be on supervised release for a term of three years . . . ." The district court then overruled without explanation Mondragon-Santiago's objection that the sentence was "greater than necessary." We conclude that the district court failed to adequately explain its reasons for the sentence imposed as required by § 3553(c), which is error under *Rita*.

Because Mondragon-Santiago did not preserve this error, we must next decide if this error merits vacating his sentence under the plain error standard. As noted, the first element of the test is met: there is error. It is also plain, or obvious; the law requiring courts to explain sentences is clear. *See Mares*, 402 F.3d at 521 ("It is enough that the law was settled at the time of appellate consideration to make the error plain.") (internal quotation marks omitted). The parties dispute whether the error affected Mondragon-Santiago's substantial rights.

To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court: "To meet this standard the proponent of the error must demonstrate a probability 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)); *see also United States v. Olano*, 507 U.S. 725, 734–35 (1993). We are aware that other circuits have relaxed this

---

[5] As noted above, the district court did engage in a brief colloquy with defense counsel and also asked questions of the defendant regarding his family and plans to see them, but these exchanges did not squarely address Mondragon-Santiago's sentencing arguments.

requirement in the sentencing context,[6] but this circuit has not followed suit. To the contrary, we have applied our traditional standards when reviewing sentences, emphasizing that "the defendant's burden of establishing prejudice 'should not be too easy.'" *Mares*, 402 F.3d at 521 (quoting *Dominguez Benitez*, 542 U.S. at 82). In *Mares*, this court found *Booker* error when the district court found facts used to enhance the sentence that went beyond the facts admitted by the defendant or found by a jury. *Id*. The court approvingly cited the Eleventh Circuit's summary of Supreme Court precedent, stating the burden of proof requires

> the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.

*Id*. (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005)). Using this approach, the court found the *Booker* error did not affect the defendant's substantial rights. *Id*. at 522. We are compelled to follow *Mares*: to show substantial prejudice, the defendant must prove that the error affected the sentencing outcome.

As always, we being our search for error with the presumption that none occurred. We afford great deference to sentences within the Guidelines range, and we "infer that the judge has considered all the factors for a fair sentence set

---

[6] *See In re Sealed Cases*, 527 F.3d 188, 193 (D.C. Cir. 2008) ("And the required showing of prejudice should be slightly less exacting for sentencing that it is in the context of trial errors." (internal quotation marks and citation omitted)); *United States v. Lewis*, 424 F.3d 239, 248 (2d Cir. 2005) ("[I]n the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors." (internal quotation marks and citation omitted)). *But see United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008) ("If a party considers the district court's § 3553(c)(2) statement of reasons insufficient, it must either timely object during the sentencing hearing or satisfy plain error review by explaining how the outcome might have been different had the district court provided a procedurally adequate verbal explanation for its choice of sentence.").

forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *Campos-Maldonado*, 531 F.3d at 338 (quotation marks omitted). While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range. Mondragon-Santiago argues that the district court's error affected his substantial rights because it makes meaningful appellate review impossible. We note that at least two of our sister circuits have adopted this argument when reviewing sentences *outside* of the Guidelines range. *See In re Sealed Cases*, 527 F.3d at 193; *Lewis*, 424 F.3d at 247. Nonetheless, our circuit precedents foreclose this argument so far as within-Guidelines sentences are concerned. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 441–42 (5th Cir. 2000) ("The district court's failure to articulate precise reasons for imposing the sentence did not impair the defendant's substantial rights."); *see also Campos-Maldonado*, 531 F.3d at 338–39. Mondragon-Santiago's sentence is within the Guidelines, and he fails to show that an explanation would have changed his sentence. Accordingly, we are bound by our precedent to hold that the district court's failure to adequately explain the sentence did not affect his substantial rights. Thus, we find no reversible plain error.

## B. *Substantive Reasonableness*

Mondragon-Santiago argues that *Gall* and *Kimbrough* dramatically altered the sentencing landscape, and asks this court to summarily remand for reconsideration in light of these cases, which were decided shortly after the district court imposed the sentence in this case. He also argues that certain Guidelines, including the one applied here, are not entitled to the normal appellate presumption in favor of Guidelines sentences because these provisions are not based on empirical studies.

*Gall* and *Kimbrough* clarified sentencing law after *Booker* by allowing district courts to depart from the Guidelines based on disagreements with the

Guidelines's policy considerations (*Kimbrough*), and also when circumstances warrant such a move even though the circumstances are not extraordinary (*Gall*). *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) ("The Supreme Court reiterated in *Kimbrough* what it had conveyed in *Rita v. United States*, which is that as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.") (internal footnote and quotation marks omitted); *Campos-Maldonado*, 531 F.3d at 339 ("An appeals court may not require 'extraordinary circumstances' to justify a sentence outside the guidelines range." (quoting *Gall*, 128 S. Ct. at 595)).

Mondragon-Santiago argues that these holdings significantly alter prior law, and cites several of our *pre-Gall* and *Kimbrough* cases. Indeed, before *Gall* and *Kimbrough*, we held that "a factor already accounted for in the advisory Guideline range is an improper factor to consider for a non-Guideline sentence," *United States v. Sanchez-Ramirez*, 497 F.3d 531, 535 (5th Cir. 2007), and that "*Booker* does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy," *United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006). *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 387–88 & n.10 (5th Cir. 2008). With some justification, *see id.*, he claims that the district court was not free to accept his argument that the Guidelines double-counted his prior felony conviction because the court was not free to depart from the Guidelines for policy reasons.

Mondragon-Santiago, however, fails to show how this influenced his case. The district court did not indicate that it wished to depart from the Guidelines for policy reasons (or for any other reason), but could not because of this court's precedent. *See id.* at 388–89 (refusing to find error in light of *Gall* when "there is absolutely nothing to indicate that any such state of affairs influenced the

13

sentence imposed in this case"); *Campos-Maldonado*, 531 F.3d at 339 ("Further, nothing in the record indicates that the district court was restricted by our precedent from considering [the defendant's] arguments for a non-guidelines sentence."). The fact that the district court chose a sentence in the middle of the Guidelines range lends no support to Mondragon-Santiago's suggestion that the court desired to depart from the Guidelines. *See Rodriguez-Rodriguez*, 530 F.3d at 388–89. Thus, on this record, we refuse to convert a hypothesis into evidence of an abuse of discretion. Accordingly, Mondragon-Santiago is not entitled to relief on that basis.

Mondragon-Santiago next argues the Guideline applied in this case, U.S.S.G. § 2L1.2, is not empirically-based, and therefore should not be afforded the appellate presumption of reasonableness. He points to the Supreme Court's discussion in *Kimbrough* regarding the calculation of sentences in drug cases and the substantial disparity under the Guidelines for crimes involving crack cocaine versus powdered cocaine. *See* 128 S. Ct. at 566–67. The Court described the benefit of the Sentencing Commission's work as follows: "It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Id.* at 574. The Guideline applicable to crack cocaine offenses, however, was not based on such data, and the Court concluded that a district court could reasonably depart from it even in "mine-run" cases because they over-punished the offense. *Id.* at 575.

We read *Kimbrough* to allow district courts, in their discretion, to consider the policy decisions behind the Guidelines, including the presence or absence of empirical data, as part of their § 3553(a) analyses. *Kimbrough* did not question the appellate presumption, however, and its holding does not require discarding the presumption for sentences based on non-empirically-grounded Guidelines. *E.g.*, *Campos-Maldonado*, 531 F.3d at 338–39 (applying the appellate

presumption even though the defendant made the same argument from *Kimbrough* regarding U.S.S.G. § 2L1.2's lack of empirical moorings). Even if the Guidelines are not empirically-grounded, the rationale of *Rita* undergirding the presumption still holds true: by the time an appeals court reviews a Guidelines sentence, both the Sentencing Commission and the district court have fulfilled their congressional mandate to consider the § 3553(a) factors and have arrived at the same conclusion. *See Rita*, 127 S. Ct. at 2463. The district court is better situated to weigh the Guidelines' policy considerations as applied to a particular defendant, and our deference to the exercise of that discretion, backed up by the Commission's deliberations, is proper.

In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based.[7] As the Supreme Court noted in *Rita*, the work of the Sentencing Commission is ongoing, and the sentencing process will continue to evolve as sentencing courts and the Commission refine the factors that determine a sentence's reasonableness. *See id.* at 2464. The Commission can then update the Guidelines to incorporate these refinements, *see* 28 U.S.C. § 994(p); *Rita*, 127 S. Ct. at 2464, as it has done so respecting the Guideline at issue in *Kimbrough*, *see* U.S.S.G. app. C, amend. 706, at 226–31 (Supp. 2008) (regarding two-level reduction, effective Nov. 1, 2007); app. C, amend. 713, at 253 (regarding retroactivity, effective Mar. 3, 2008). Until the Commission so acts, however, we will presume a sentence within the current version of the Guidelines to be

---

[7] We have reached this conclusion in a number of unpublished decisions. *E.g.*, *United States v. Reyes-Carranza*, No. 08-50486, 2009 WL 348779 (5th Cir. Feb. 12, 2009); *United States v. Rosas-Benites*, No. 08-50540, 2009 WL 270045 (5th Cir. Feb. 5, 2009); *United States v. De La Mora*, No. 07-40933, 2009 WL 190703 (5th Cir. Jan. 28, 2009).

reasonable, and the defendant must rebut that presumption to demonstrate substantive unreasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In sum, Mondragon-Santiago has not shown substantive unreasonableness, and we will not disturb the district court's sentence.

## C. *Reformation of Judgment*

Finally, Mondragon-Santiago argues that he was convicted and sentenced under the wrong statutory subsection because he does not have a prior conviction for an aggravated felony. At oral argument, the government conceded this point, and requested that we reform the judgment. Mondragon-Santiago asks for resentencing in the first instance, and for reformation in the alternative.

Mondragon-Santiago was convicted under 8 U.S.C. § 1326(b)(2), which penalizes reentry by an alien deported after prior conviction for an aggravated felony with imprisonment of up to twenty years. Section 1326(b)(1) penalizes the same conduct for aliens deported after conviction for certain misdemeanors or for a felony (other than an aggravated felony), and limits imprisonment to a maximum term of ten years. The term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(F) to mean "a crime of violence . . . for which the term of imprisonment [is] at least one year."[8] "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of

---

[8] 18 U.S.C. § 16 defines "crime of violence":

The term "crime of violence" means–
    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mondragon-Santiago does not contest that his conviction for aggravated assault with a deadly weapon is a crime of violence.

incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B).

Mondragon-Santiago argues that he should have been convicted and sentenced under § 1326(b)(1) because his prior conviction for aggravated assault is not an "aggravated felony" under § 1101(a)(43)(F). The state court ordered four years of deferred adjudication probation for his earlier crime. *See* Tex. Code Crim. Proc. art. 42.12, § 5(a) ("[W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.").

Federal law counts Texas's deferred adjudication probation as a conviction.[9] *See* 8 U.S.C. § 1101(a)(48)(A);[10] *see also United States v. Valdez-Valdez*, 143 F.3d 196, 203 (5th Cir. 1998) (holding that a Texas deferred adjudication "may be counted as 'conviction for a felony' under [U.S.S.G.] § 2L1.2(b)(1)"). Mondragon-Santiago does not dispute that his conviction for aggravated assault counts as a felony under § 1326(b). But he argues that he

---

[9] Under Texas law, deferred adjudication probation is neither a conviction nor a sentence. *Hurley v. State*, 130 S.W.3d 501, 506 (Tex. App.—Dallas 2004, no pet.); *see also Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004). State law does not settle the issue, however, because federal law controls the interpretation of § 1101. *See United States v. Vasquez-Balandran*, 76 F.3d 648, 650 (5th Cir. 1996).

[10] This statute provides:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where–
   (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
   (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

was not sentenced to a term of imprisonment for at least one year, and thus he did not commit an aggravated felony under § 1101(a)(43)(F). Mondragon-Santiago concedes that this issue was not raised below. Thus, we review for plain error.

Our precedent distinguishes between sentences of imprisonment that are imposed but then suspended, and sentences that are for probation in the first instance without any imprisonment contemplated. *See United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999) ("Thus, when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an 'aggravated felony.'"). If the sentencing court orders imprisonment and then suspends it, the sentence counts under § 1101(a)(43)(F) for determining if the term of imprisonment is at least one year in duration. *See, e.g.*, *Vasquez-Balandran*, 76 F.3d at 650–51. Conversely, if the sentencing court orders probation directly, then that conviction does not count as a term of imprisonment or as an aggravated felony. *See, e.g.*, *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997). The issue here is which scheme deferred adjudication probation under Texas law more closely resembles. The question turns on the meaning of the phrase "term of imprisonment."

Under § 1101(a)(48)(B), the term refers to a "period of incarceration or confinement ordered by a court of law." This definition requires the sentencing court in the first instance to order or impose imprisonment as part of the sentence, regardless of a later suspension. Deferred adjudication probation in Texas does not impose a sentence of imprisonment, and thus does not involve a "term of imprisonment." From this analysis we conclude that Mondragon-Santiago's four years of deferred adjudication probation under Texas law is not a term of imprisonment under § 1101(a)(48)(B), and thus is not an aggravated felony under § 1101(a)(43)(F).

Given that the judgment erroneously lists § 1326(b)(2) as the statute under which Mondragon-Santiago was convicted and sentenced, we must determine if the error merits vacation of his sentence under the plain error standard. We conclude that it does not. Even if we assume the error is plain, it did not affect Mondragon-Santiago's substantial rights. Again, he bears the burden to prove the error affected the outcome in the district court. Yet, the record does not indicate the district court's sentence was influenced by an incorrect understanding of the statutory maximum sentence. *Cf. United States v. Watson*, 476 F.3d 1020, 1023–24 (D.C. Cir. 2007) (vacating sentence under plain error standard when district court recited incorrect statutory maximum and explicitly based its sentence on that mistaken understanding). In addition, the sentence imposed was both within a properly calculated Guidelines range and below the statutory maximum of § 1326(b)(1), points Mondragon-Santiago concedes. *Cf. id.* (noting that the district court did not calculate the Guidelines range at all).[11] Mondragon-Santiago has not shown how, on this record, the error affected the outcome in the district court.[12] *Cf. Izaguirre-Losoya*, 219 F.3d at 439, 441–42

---

[11] We are mindful that the Sentencing Commission added a new application note to U.S.S.G. § 2L1.2 suggesting a downward departure may be warranted when, for example, the defendant has a prior conviction that is a crime of violence but that does not fall within § 1101(a)(43)'s definition of "aggravated felony." § 2L1.2 cmt. n.7. This application note merely states explicitly what had been implicitly within the district court's discretion: the possibility of a downward departure based on considerations consistent with § 3553(a). There is no evidence in this case that the district court was inclined to depart from the Guidelines range, as evidenced by the choice of a sentence in the middle of the range, despite Mondragon-Santiago's presentation of this very argument. In view of this fact, we do not address the constitutionality of 18 U.S.C. § 3742(g)(2), which limits the district court's ability to sentence the defendant outside of the Guidelines upon remand. Mondragon-Santiago suggests this limitation is inconsistent with *Booker*. We likewise do not decide if Application Note 7 could benefit Mondragon-Santiago if the case were remanded, in light of 18 U.S.C. §§ 3553(a)(4) and 3742(g)(1), which require the district court to use the version of the Guidelines in effect at the original sentencing when calculating the Guidelines range.

[12] We have reached this conclusion in several unpublished cases. *United States v. Rosales-Velasquez*, No. 07-40143, 2009 WL 139628 (5th Cir. Jan. 21, 2009); *United States v. Campos*, 277 F. App'x 505 (5th Cir. 2008); *United States v. Alvarado-Delgado*, 77 F. App'x 272

(upholding the defendant's sentence, under the plain error standard, when the district court failed to explain why it chose to impose consecutive, rather than concurrent, sentences). Thus, we find no plain error requiring vacation of Mondragon-Santiago's sentence, but we reform the district court's judgment to reflect the correct statutory subsection.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment, but REFORM it to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).

---

(5th Cir. 2003).