# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-20571
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO SANDOVAL-RODRIGUEZ, also known as Jose Antonio
Sandaval,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-153-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to being found unlawfully present in the United
States following deportation after having been convicted of a felony, Jose
Antonio Sandoval-Rodriguez was sentenced to, *inter alia*, 27 months'
imprisonment. Sandoval appeals his sentence, contending, for the first time on
appeal, that the district court erred at sentencing by imposing a within-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

guidelines-range sentence without providing adequate reasons for rejecting his nonfrivolous claims for a below-the-range sentence.

Sandoval concedes he did not raise this issue in district court, but seeks to preserve for review his contention that plain-error review should not apply, notwithstanding his failure to object.

In the alternative, Sandoval maintains his sentence should be vacated under plain-error review. Such review applies because Sandoval did not present his objection at sentencing. *United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). To show reversible plain error, Sandoval must show a clear or obvious error that affects his substantial rights. *See, e.g., United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). Generally, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court did not give any reasons for the imposed sentence, although Sandoval had made a nonfrivolous claim for a sentence below the guidelines range. The failure to provide a sufficient explanation for the sentence imposed within the range constituted a clear or obvious error because "the law requiring courts to explain sentences is clear". *Mondragon-Santiago*, 564 F.3d at 364; *see Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007). Sandoval has not, however, shown the error affected his substantial rights because he has not shown that an explanation by the district court would have changed his sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65. Further, if the sentence imposed was within the guidelines range, the district court's error did not render meaningful appellate review impossible. *Id.* at 365.

Because Sandoval has not shown that the error affected his substantial rights, he has not shown reversible plain error. *See id.* at 364-65; *Baker*, 538 F.3d at 332.

AFFIRMED.