**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40948
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WAYNE SAWYER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:97-CR-263-3

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Sawyer pleaded guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He appeals the 30-month prison sentence imposed following his third revocation of supervised release, arguing that the sentence is procedurally unreasonable because the district court failed to provide adequate reasons to explain its choice of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Sawyer failed to articulate his specific procedural objection at sentencing, this court reviews for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To demonstrate plain error, Sawyer must show a forfeited error that is clear or obvious and affects his substantial rights. *See id.* If these conditions are met, this court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

There is nothing in the record to indicate that Sawyer's sentence would have been different if the court had provided more explanation for its choice of sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Sawyer has thus failed to demonstrate error affecting his substantial rights. *See id.*

Accordingly, we AFFIRM the district court's judgment.