**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-20760

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL D GOODSON, also known as Mike Goodson

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-06-98

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Convicted, *inter alia*, of mail and wire fraud, Michael D. Goodson appeals his conviction and sentence. Primarily, his contentions revolve around his proceeding *pro se*. AFFIRMED.

I.

Prior to trial in July 2007, Goodson retained Abraham Fisch as his attorney. Fisch, however, was unable to represent Goodson because the United States District Court for the Southern District of Texas denied his application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for renewal of admission to practice before that court. Therefore, the district court appointed Robert Fickman to replace Fisch as Goodson's counsel.

Subsequently, Goodson advised the district court by letter that he desired Fisch to represent him, would not accept any attorney other than Fisch, and requested the court to inform Fickman not to contact him again. At a pretrial conference in April 2007, Goodson reiterated his position: he wanted Fisch as counsel or no one. Consequently, the district court dismissed Fickman as Goodson's counsel.

Prior to trial, the district court held a *Faretta* hearing and again questioned Goodson about his decision to proceed *pro se*. *See generally Faretta v. California*, 422 U.S. 806 (1975) (holding defendant in state criminal trial has constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so). During the *Faretta* hearing, the court repeatedly admonished Goodson concerning the dangers of proceeding at trial without counsel. The court also questioned him about his educational background and experience, establishing that he possessed sufficient knowledge and understanding to represent himself. As discussed *infra*, Goodson informed the court that he did not intend to present a defense. The district court appointed James Alston as standby counsel and informed Goodson that Alston would not try the case but, instead, would act as a "walking lawbook" for Goodson at trial.

Goodson proceeded *pro se* at trial and, consistent with what he had advised the court at his *Faretta* hearing, did not question witnesses or otherwise present evidence. He was convicted on 25 July 2007 on nine counts of conspiracy and mail and wire fraud. At sentencing on 22 October 2008, Goodson, still proceeding *pro se*, was sentenced, *inter alia*, to 293 months' imprisonment.

## II.

Goodson contends: the district court erred at trial by excusing Government witnesses without first asking him whether he desired to question them; he did not knowingly and intelligently waive his Sixth Amendment right to counsel at sentencing; and, the district court erred in applying the two-level enhancement under Guideline § 2B1.1(b)(13)(A). Goodson failed, however, to present these contentions in district court. Therefore, each is reviewed only for plain error, as further discussed *infra*. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

To establish reversible plain error, Goodson must show a clear or obvious error that affected his substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If reversible plain error is established, we still have discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## A.

Goodson's assertion that the district court erred through its excusing-without-asking procedure is premised on Goodson's Sixth Amendment right to self-representation, which includes a defendant's right to control his case. *See McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). Goodson maintains that, because the court excused the witnesses as it did, the jury was given the impression that Goodson was not in such control.

This is a claim of structural error, not subject to harmless-error review. *See id.* at 177 n.8 ("[T]he right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the

3

defendant, its denial is not amenable to 'harmless error' analysis".). Nevertheless, review is only for plain error because, as noted, Goodson did not preserve the issue in district court. *See United States v. Phipps*, 319 F.3d 177, 189 n.14 (5th Cir. 2003) ("An error not susceptible to harmless error review is nevertheless susceptible to plain error review if the defendant did not object at trial.").

Goodson does not claim he attempted to question the Government witnesses but was denied the opportunity. Instead, he maintains: even though, at the *Faretta* hearing, he stated his intention to the district court *not* to question any witnesses, the district court erred by not asking him *in the presence of the jury* if he desired to do so.

The district court's failure to make that inquiry did not, *inter alia*, constitute clear or obvious error. Following Goodson's statement at the *Faretta* hearing that he did *not* intend to question Government witnesses, the court told Goodson that, if he decided to question them, all he needed to do was stand and the court would recognize him. Therefore, because Goodson deliberately chose *not* to question any witness, the district court did not plainly err by failing to ask Goodson if he desired to do so. Along that line, the record shows Goodson, *inter alia*, utilized his standby counsel and gave his own closing argument, which would indicate to the jury that he was in control of his case.

## B.

As discussed, at the *Faretta* hearing, the district court determined that Goodson had knowingly and voluntarily waived his right to counsel. Goodson has not challenged the validity of his waiver for trial purposes, nor did he object to continuing *pro se* at sentencing. Because Goodson failed to preserve in district

court his assertion that he did not knowingly and intelligently waive his right to counsel at sentencing, our review is only for plain error.

As shown, Goodson was fully aware of his right to counsel during trial. Further, he made no attempt before or at sentencing to request counsel.

Several circuits have held that a waiver of counsel at trial carries over to sentencing. *See United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (collecting cases); *but see United States v. Ellerbe*, 372 F.3d 462, 467-69 (D.C. Cir. 2004) (remanding to district court to determine whether defendant intended his waiver of counsel at trial to carry over to sentencing). Therefore, the district court's decision not to obtain a second waiver of counsel for sentencing was not clear or obvious error.

C.

Concerning his challenge to the two-level enhancement under Guideline § 2B1.1(b)(13)(A), Goodson concedes review is only for plain error. Nevertheless, he claims reversible plain error.

Under Guideline § 2B1.1(b)(13)(A), if a defendant derives more than $1,000,000 in gross receipts from one or more *financial institutions*, his base-offense level should be increased two levels. According to Goodson, there was an insufficient factual basis to support finding he obtained from a financial institution the $1,555,048 listed in the presentence investigation report.

Goodson bases this on the definition of financial institution applicable at the time of his sentencing, which did not specifically include mortgage lenders. That definition, however, contained the catch-all provision "any similar entity whether or not insured by the federal government". U.S.S.G. § 2B1.1, cmt. n.1 (2007). A mortgage lender could easily be construed as a "similar entity". *E.g.*,

*United States v. Edelkind*, 467 F.3d 791, 801-02 (1st Cir. 2006) (holding a private mortgage lender could be considered a "financial institution" for purposes of the two-level enhancement under Guideline § 2B1.1(b)(13)(A)). Therefore, the district court did not commit clear or obvious error by applying the two-level enhancement.

## III.

For the forgoing reasons, the judgment is AFFIRMED.