**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Salvador GONZALEZ, also known as
Juan, also known as Tocayo,
Defendant–Appellant.**

**No. 09–41140
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Adolfo Alvarez, Law Offices of Al Alvarez, McAllen, TX, for Defendant–Appellant.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

A jury convicted Salvador Gonzalez on one count of conspiracy to possess with intent to distribute drugs. The district court sentenced Gonzalez to a within-guidelines sentence of 235 months of imprisonment and a five-year term of supervised release. Gonzalez filed a timely notice of appeal.

Gonzalez challenges the procedural reasonableness of his sentence. He contends that the district court failed to consider the

18 U.S.C. § 3553(a) sentencing factors, failed to adequately explain its choice of sentence in light of his mitigating arguments, and treated the Sentencing Guidelines as mandatory. Gonzalez did not raise any of these specific arguments in the district court. Thus, under the law of this circuit, which we may not overrule absent en banc consideration or a superseding Supreme Court decision, *see United States v. Lipscomb,* 299 F.3d 303, 313 n. 34 (5th Cir.2002), our review is for plain error only. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 361 & n. 2 (5th Cir.2009).

The sentencing transcript explicitly refutes Gonzalez's contention that the district court failed to consider the § 3553(a) factors at all. Gonzalez's other arguments are also unavailing. The statement of reasons signed by the district court indicates the court's acknowledgment that the Guidelines were advisory only, and one of the factors for consideration under 18 U.S.C. § 3553(a) is the guidelines range itself. Gonzalez has not shown that, rather than merely concluding that a sentence within the guidelines range was appropriate under § 3553(a), the district court treated the guidelines as mandatory. In addition, Gonzalez has not shown that his substantial rights would have been affected by any error by the district court in explaining his sentence, as Gonzalez has not shown that any further explanation by the district court would have changed his sentence. *See Mondragon–Santiago,* 564 F.3d at 365.

AFFIRMED.