# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL LIRA FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-21-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Manuel Lira Flores appeals from the 57-month within-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. He argues that the sentence is unreasonable because it is greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50837

We review Lira Flores's challenge to his sentence under an abuse of discretion standard, taking into account the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Because the sentence was within the advisory guidelines imprisonment range, we afford the sentence a presumption of substantive reasonableness. *United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013). Lira Flores asserts that the sentence imposed was greater than necessary because the illegal-reentry guideline lacks an empirical basis, his criminal history was effectively double-counted, his crime of conviction was a type of international trespass, and the guidelines range failed to reflect his personal history and circumstances. He has not made the showing necessary to overcome the presumption of reasonableness afforded his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The record reflects that the district court considered Lira Flores's mitigation arguments and ultimately concluded that a sentence at the top of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. The fact that we might reasonably conclude "that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51.

Accordingly, the district court's judgment is AFFIRMED.