# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10520
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GONZALO GALVAN-GARCIA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-101-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gonzalo Galvan-Garcia pleaded guilty to being found unlawfully in the United States following removal, and he received a within-guidelines sentence of 70 months in prison, with no term of supervised release. On appeal, he contends that the district court plainly erred in entering judgment under 8 U.S.C. § 1326(b)(2) because his prior Texas manslaughter conviction did not constitute an "aggravated felony" as defined under 8 U.S.C. § 1101(a)(43)(F)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10520

and 18 U.S.C. § 16. Galvan-Garcia maintains that the case should be remanded for resentencing or, in the alternative, that the judgment should be reformed to omit the reference to § 1326(b)(2).

As Galvan-Garcia acknowledges, we review his claim for plain error because he did not raise it in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). We have not resolved the question whether a conviction under the Texas manslaughter statute constitutes an aggravated felony under § 16. However, Galvan-Garcia has not shown that any error in the categorization of his prior conviction affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The 70-month sentence Galvan-Garcia received did not exceed the statutory maximum under § 1326(b)(1). *See Mondragon-Santiago*, 564 F.3d at 369. Although Galvan-Garcia speculates that the district court may have been inclined to grant an authorized departure and may have taken into account the statutory sentencing range, he has not shown a reasonable probability that his sentence would have been lower but for any error by the district court. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). Because Galvan-Garcia is unable to overcome plain error review and because the Government does not concede that the judgment should be reformed, Galvan-Garcia has not shown that we should remand for resentencing or that the judgment should be reformed. *Cf. Mondragon-Santiago*, 564 F.3d at 368-69. Accordingly, the judgment of the district court is AFFIRMED.