# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40921
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDY ARMANDO MALDONADO-VILLEDA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-145

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fredy Armando Maldonado-Villeda appeals his guilty-plea conviction and sentence arguing that the district court plainly erred by entering a judgment reflecting that he was convicted under 8 U.S.C. § 1326(b)(2) when he did not have a qualifying aggravated-felony conviction. He argues that he should have been convicted and sentenced under § 1326(b)(1) and urges the court to vacate his conviction and sentence, reform the judgment to reflect a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40921

conviction under § 1326(b)(1), and remand the case for resentencing. In the alternative, he asks the court to remand the case to the district court for reformation of the judgment to reflect a conviction under § 1326(b)(1).

Maldonado-Villeda concedes that our review is limited to plain error given his failure to raise an objection before the district court. Under the plain-error standard, a defendant must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Maldonado-Villeda's 2010 conviction for third-degree robbery in New York is not an "aggravated felony" for purposes of § 1326(b)(2) because he was sentenced to a prison term of less than one year. *See* 8 U.S.C. § 1101(a)(43)(F), (G). As such, Maldonado-Villeda should have been convicted and sentenced under § 1326(b)(1). Consequently, the district court committed a clear or obvious error when it entered a judgment incorrectly describing the offense of conviction as one for being an "alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony." But as Maldonado-Villeda correctly acknowledges, he cannot show that the error affected his substantial rights given this court's decision in *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

As in *Mondragon-Santiago*, there is no record evidence in this case that the district court's incorrect understanding of the statutory maximum affected its sentence selection. *See id.* And like the defendant in *Mondragon-Santiago*, Maldonado-Villeda's 41-month sentence is "within a properly calculated Guidelines range and below the statutory maximum" under § 1326(b)(2). *See id.* As such, remand for resentencing is not required. The judgment should be

No. 15-40921

changed to correctly identify the offense of conviction, and the Government says we should remand for that limited purpose.

Maldonado-Villeda's conviction and sentence are AFFIRMED, but we REMAND this case to the district court for the limited purpose of correcting the written judgment to reflect the correct offense of conviction as under § 1326(b)(1).