# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41368
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO TEUTLA-CORDOVOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-419-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alfredo Teutla-Cordovor appeals the 46-month within-guidelines sentence imposed after he pleaded guilty to illegal reentry. He asserts that his sentence is procedurally and substantively unreasonable. Specifically, Teutla-Cordovor contends that the district court committed procedural error by taking into account statements in the presentence report (PSR) regarding his prior involvement with large quantities of cocaine, even though his earlier

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions involved only small amounts of the drug and even though no evidence of drugs or drug paraphernalia was found at the time of his arrest for the drug sales.  For the same reason, he asserts that the imposed sentence is substantively unreasonable.   He maintains that the presumption of reasonableness typically given to a within-guidelines sentence should not apply because the district court gave significant weight to the improper factor of the unsubstantiated allegations regarding his involvement in large-scale drug trafficking.

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  We first examine whether the district court committed any significant procedural error. *Id.* at 51.  If the district court's decision is procedurally sound, this court will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard.  *Id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

Teutla-Cordovor has failed to show that the district court committed a procedural error by "selecting a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51.  The information included in the PSR is presumed to be reliable unless it is refuted by competent rebuttal evidence.  *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015).  Teutla-Cordovor's objections did not constitute such rebuttal evidence.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).  Moreover, in imposing the sentence the district court acknowledged the small quantity of cocaine at issue in Teutla-Cordovor's prior offenses and the absence at the time of arrest of evidence indicating a large-scale drug trafficking endeavor.  Additionally, the district court indicated that it was inclined to impose a sentence at the high end of the Guidelines based on the severity and recency of Teutla-Cordovor's drug offenses, regardless of the

quantity involved, and his rapid return to the United States after his deportation, but that it would impose a sentence at the bottom of the range because it was Teutla-Cordovor's first illegal reentry.  Teutla-Cordovor does not dispute that these are proper factors to consider under 18 U.S.C. § 3553(a).

As for substantive reasonableness, a within-guidelines sentence is entitled to a presumption of reasonableness.  *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  Teutla-Cordovor is unable to show that the district court's reference to the PSR statements regarding large-scale cocaine dealing constituted "significant weight" being given to an "improper factor," given the district court's use of proper § 3553(a) factors to explain the decision to impose a sentence at the bottom of the applicable guidelines range.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Consequently, the judgment of the district court is AFFIRMED.