# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YONI CASTRO-LOPEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-50-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Yoni Castro-Lopez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2), and was sentenced to 22 months of imprisonment and a two-year term of supervised release. Castro-Lopez raises two arguments on appeal. He correctly concedes that one argument he raises—that his sentence violated due process because it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11191

exceeded the statutory maximum charged in the indictment—is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998).

His other argument, however, is not foreclosed. Castro-Lopez contends that the district court plainly erred by stating in the judgment that his conviction was punishable under § 1326(b)(2), rather than under § 1326(b)(1), because his prior Texas conviction for burglary of a habitation was not an aggravated felony for purposes of § 1326(b)(2). He requests modification of the judgment accordingly. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and brackets omitted).

In sentencing Castro-Lopez pursuant to § 1326(b)(2), the district court necessarily relied on the now-unconstitutional definition of "aggravated felony" found in 18 U.S.C. § 16(b). *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018); *United States v. Herrold*, 883 F.3d 517, 536–37 (5th Cir. 2018) (en banc). Accordingly, the designation in the written judgment indicating that Castro-Lopez was convicted and sentenced under § 1326(b)(2) was erroneous and should be reformed as Castro-Lopez requests. *See Godoy*, 890 F.3d at 542; *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). We therefore MODIFY the district court's judgment to reflect that Castro-Lopez was sentenced according to § 1326(b)(1), and we AFFIRM the judgment AS MODIFIED.