# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-11217
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrea Lamont Medlock,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-368-1

―――――――――――――――――――――――

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Andrea Lamont Medlock appeals the 24-month within-guidelines prison sentence he received for violating the terms of his supervised release. Medlock argues that the revocation of his supervised release and 24-month statutory maximum sentence is plainly unreasonable because the facts of the case do not warrant this level of severity. When a defendant properly

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

preserves an objection for appeal, revocation sentences are reviewed under a "plainly unreasonable" standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.*

The record indicates the district court employed an individualized, reasoned, and fact-specific analysis consistent with the permissible § 3553 (a) factors. *Warren*, 720 F.3d at 332-33. Specifically, the district court addressed Medlock's history and characteristics and found that deterring criminal conduct while protecting the public from Medlock was the dominant, overriding factor, considering the evidence that Medlock committed an assault. Medlock fails to show the court's weighing of these factors was plainly unreasonable. In addition, although Medlock contends that he was entitled to consideration for acceptance of responsibility because he pleaded true to some of the violations, the district court did not err by declining to consider what amounts to a disagreement with the policy of the Guidelines. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

AFFIRMED.