**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4825**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANSELMO LEONIDAS RIVAS-LOVO,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:08-cr-00064-HEH-1)

Submitted: April 21, 2009            Decided:  June 11, 2009

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant. Dana J. Boente, Acting United States Attorney,
Richard D. Cooke, S. David Schiller, Assistant United States
Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anselmo Leonidas Rivas-Lovo pleaded guilty to illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to fifty months of imprisonment. Rivas-Lovo appeals his sentence, arguing that the sentence is substantively unreasonable. Finding no error, we affirm.

A sentence is reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). The appellate court must first determine whether the district court committed any "significant procedural error," Gall, 128 S. Ct. at 597, and then consider the substantive reasonableness of the sentence, applying a presumption of reasonableness to a sentence within the guidelines range. Abu Ali, 528 F.3d at 261; see also Gall, 128 S. Ct. at 597; Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Rivas-Lovo argues that the presumption of reasonableness should not apply to his sentence because the guideline under which he was sentenced is not based on empirical study conducted by the Sentencing Commission. We disagree and apply a presumption of reasonableness to Rivas-Lovo's

2

within-guidelines sentence. <u>See</u> <u>United States v. Mondragon-Santiago</u>, __ F.3d __, __, 2009 WL 782894, at *9 (5th Cir. Mar. 26, 2009).

Rivas-Lovo next argues that his sentence is unreasonable because it does not further the sentencing goals contained in 18 U.S.C. § 3553(a) (2006). We have reviewed the record and conclude that Rivas-Lovo has failed to rebut the presumption of reasonableness. We thus find the sentence reasonable.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>