# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-40071
c/w No. 09-40085
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO SILVA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-1050-ALL
USDC No. 1:08-CR-911-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Silva pleaded guilty to attempted illegal reentry after deportation, having previously been convicted of an aggravated felony. Based on a sentencing guidelines range of 57 to 71 months, the district court imposed a sentence of 66 months in prison. As a result of this conviction, Silva's supervised release from a prior conviction for being unlawfully present in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States was revoked. The district court imposed a sentence of 8 months in prison to be served consecutively to the 66 months imposed for the new conviction.

Silva argues that the district court erred by failing to explain adequately the reasons for imposing the guidelines sentence even though Silva had presented nonfrivolous reasons for requesting a sentence below the recommended range. In *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), this court determined that a defendant's failure to object at sentencing to the reasonableness of his sentence triggered plain error review. Silva acknowledges that current circuit precedent forecloses the procedural-reasonableness issue because he cannot show that the alleged procedural error was plain error. Silva is seeking only to preserve for further review the issue of whether a failure to make a separate objection to the procedural reasonableness of a sentence mandates application of plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-67 (5th Cir.) (discussing plain error review with respect to reasonableness of sentences), *cert. denied*, 130 S. Ct. 192 (2009). Accordingly, he has filed an unopposed motion for summary disposition to avoid the expenditure of time and resources on full briefing that cannot change the outcome of the appeal.

The district court's judgment is AFFIRMED, and Silva's motion for summary disposition is GRANTED.