**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-20160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES RAY JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-241-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Ray Johnson contests his conviction for being a felon in possession of a firearm. For the first time on appeal, he contends: the district court displayed bias through its pretrial inquiries into plea negotiations by twice inquiring into the status of such negotiations; these inquiries constituted improper judicial participation in the plea-negotiation process; and his refusal to plead prompted the court to act with bias against him at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because these contentions were not presented in district court, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

Federal Rule of Criminal Procedure 11(c) prohibits a district court from participation in, or interference with, the plea-negotiation process. *United States v. Crowell*, 60 F.3d 199, 203 (5th Cir. 1995); FED. R. CRIM. P. 11(c)(1). "Rule 11 requires that a district court explore a plea agreement once disclosed in open court; however, it does not license discussion of a hypothetical agreement that it may prefer." *United States v. Miles*, 10 F.3d 1135, 1140 (5th Cir. 1993). "One of the main purposes of the rule against judicial involvement in plea discussions is that such involvement is likely to impair the trial court's impartiality." *Crowell*, 60 F.3d at 205 (internal quotation marks omitted).

The district court inquired into the status of the parties' plea negotiations for scheduling purposes, specifically to determine whether the case could be resolved without summoning a jury. Moreover, in explaining to Johnson that he likely would lose the opportunity to receive a sentence reduction for acceptance of responsibility if he did not plead guilty by a certain date and time (*i.e.*, 4:00 p.m. on the date preceding the scheduled trial date), the court simply informed Johnson of the relevant guideline provisions to ensure that he was fully aware of the effects of his decisions. Even assuming error, it was not clear or obvious.

AFFIRMED.