# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2010

No. 09-40785
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HUGO LUGO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1901-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Lugo appeals the 41-month sentence imposed by the district court following his guilty plea conviction of possession of a firearm by an illegal alien. Lugo argues that the district court procedurally erred by failing to state adequate reasons for imposition of this sentence and that the court erred substantively by imposing an unreasonable sentence. Although Lugo concedes that these issues are reviewable only for plain error because they were not raised before the district court, *see United States v. Mondragon-Santiago*, 564 F.3d 357

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009), he seeks to preserve the issue of the proper standard of review for possible further review.

Lugo contends that the district court did not address his arguments that he should receive a lower sentence because he had no prior criminal record; there was no evidence that the firearm had been or was about to be used; there was no evidence that he knew that the firearm had been stolen; it was questionable whether the firearm was automatic; and he immediately took responsibility for owning the firearm. It is clear from the sentencing transcript that the district court considered and rejected Lugo's arguments and that the court was concerned with his prior conduct in illegally reentering the country, as well as the type of weapon he possessed, an Intratec 9 millimeter pistol loaded with an attached magazine containing 30 live rounds of ammunition, and the circumstances in which he had purchased it. Even if the district court was not specific in rejecting Lugo's arguments and did not explain its reasons for imposing a sentence at the top of the guidelines range, Lugo has not shown that any error affected his substantial rights because he has not shown that an explanation of his sentence by the district court would have changed his sentence. *See Mondragon-Santiago*, 564 F.3d at 363-65.

Similarly, Lugo's assertion that his sentence is substantively unreasonable because it does not take into account mitigating factors is without merit. Lugo has not rebutted the presumption of reasonableness of his within guidelines sentence and has not shown that the district court plainly erred in sentencing him to 41 months of imprisonment. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.