# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2010

Lyle W. Cayce
Clerk

No. 09-50404
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY FOSTER, III, also known as William H. Foster, also known as William Henry Foster; ADAM RICHARD WATSON, also known as Adam R. Watson,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-147-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

William Henry Foster, III, and Adam Richard Watson appeal their respective jury convictions for conspiracy to commit murder in violation of 18 U.S.C. § 1117. Watson argues that there was insufficient evidence to support the jury's verdict because there was no evidence that the acts he committed effected the object of the conspiracy. Foster contends that if Watson's actions are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deemed insufficient to constitute overt acts effecting the object of the conspiracy, then the evidence would likewise be insufficient to support his conviction.

Viewing the evidence and inferences drawn therefrom in the light most favorable to verdict, the jury might well have concluded beyond a reasonable doubt that Foster and Watson conspired to murder Kailey Foster. *See United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). There was ample evidence of a conspiratorial agreement to commit murder, of both Watson's and Foster's knowing and voluntary participation in the conspiracy, and of overt acts committed in furtherance of the conspiracy, namely that Watson requested certain items to commit the murder and that Watson drove to a specified location to retrieve the bag containing the requested items. *See* § 1117; *United States v. Benton*, 637 F.2d 1052, 1058 (5th Cir. 1981).

Foster also appeals his sentence, contending that the district court committed procedural error by imposing a sentence within the pertinent guidelines range without giving sufficient reasons for either the selected sentence or for rejecting his arguments for leniency. We review this claim for plain error because Foster raises it for the first time on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To show plain error, Foster must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and brackets omitted).

Even if the district court was not specific in rejecting Foster's claims for leniency and did not explain its reasons for the sentence imposed, Foster has not shown that he should receive relief on this claim. *See Mondragon-Santiago*, 564 F.3d at 363-65. Foster has failed to show that a more extensive explanation

from the district court would have resulted in a different sentence. *See id.* at 365.

Accordingly, the judgment of the district court is AFFIRMED