# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

Lyle W. Cayce
Clerk

No. 10-40210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO AZAEL VARELA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1477-1

Before DeMOSS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduardo Azael Varela-Ramirez (Varela) appeals following his guilty-plea conviction and sentence on one count of being illegally present in the United States after removal.  Varela contends that he does not have a previous conviction that qualifies as a conviction of an "aggravated felony" under 8 U.S.C. § 1326(b)(2).  Although he concedes that his 60-month sentence of imprisonment does not exceed the applicable statutory maximum under 8 U.S.C. § 1326(b)(1), Varela argues that the district court's mistaken belief, based on the Presentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40210

Report (PSR), that the statutory maximum sentence was 20 years of imprisonment may have influenced the selection of a sentence. He requests that the matter be remanded for resentencing.

As the Government acknowledges, the PSR was in error in stating that Varela faced a 20-year maximum sentence, the statutory maximum under § 1326(b)(2), on account of a previous Texas conviction for which he received a sentence of deferred adjudication probation. *See United States v. Mondragon-Santiago*, 564 F.3d 367, 368-69 (5th Cir. 2009). However, Varela's failure to object to the PSR on this ground results in plain error review. *See United States v. Medina-Anicacio,* 325 F.3d 638, 643 (5th Cir. 2003). As he has not demonstrated that the inaccuracy in the PSR affected his substantial rights, Varela has not established plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Varela also argues that, on account of the stigma associated with the determination that he committed an aggravated felony, a remand is required so that the judgment and the PSR can be corrected to reflect that he was convicted and sentenced under § 1326(b)(1). The district court's judgment, however, was not incorrect: it indicated that Varela had been convicted and sentenced under "8 U.S.C. § 1326(a) and 1326(b)." Varela has not demonstrated that this court should remand for a correction of a clerical error in the judgment; he likewise has not shown that this court should reform the judgment. *See* FED. R. CRIM. P. 36; *Mondragon-Santiago*, 564 F.3d at 369. Further, as stated above, Varela has not demonstrated that his substantial rights were affected by any inaccuracy in the PSR. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.