# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2011

No. 10-10885
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-61-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Munoz pleaded guilty to illegal reentry into the United States following deportation and was sentenced to a 60-month term of imprisonment, which was above the Sentencing Guidelines range. He appeals the sentence, contending that the district court violated his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel when it enchanced the sentence based in part on domestic-abuse allegations in a case still pending in state court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10885

Constitutional claims are ordinarily reviewed de novo. *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). However, the Government contends that Munoz now advances an argument not presented in the district court and therefore is limited to review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) For the reasons explained below, we conclude that the district court committed no error, plain or otherwise.

Subject to constitutional restraints, sentencing courts may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information they may consider, or the source from which it may come." *Pepper v. United States*, 131 S. Ct. 1229, 1240 & n. 8 (2011) (internal quotation marks, bracketing, and citation omitted). "[T]he Fifth Amendment is limited to prohibiting the use of physical or moral compulsion exerted on the person asserting the privilege." *South Dakota v. Neville*, 459 U.S. 553, 562 (1983) (internal quotation marks and citation omitted). In deciding whether the right against self-incrimination has been violated, we review "the totality of the circumstances." *Arizona v. Fulminante*, 499 U.S. 279, 285 (1991).

Munoz's own testimony was not his sole means of challenging the abuse allegations and the proposed sentence enhancement. He had the right to put on any rebuttal evidence that he thought proper. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009). This is not a case in which "the defendant had no real choice but to testify." *United States v. Roberson*, 872 F.2d 597, 611 (5th Cir. 1989).

Munoz's Sixth Amendment right-to-counsel claim is conclusory and unsupported by legal analysis and citations to the record. *See United States. v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Because Munoz has not preserved the issue whether his Sixth Amendment right to counsel was violated, we need not consider it. *See* Fed. R. App. P. 28(a)(9).

No. 10-10885

Munoz reiterates also his contention that the district court violated the Sixth Amendment right to a jury trial by basing its above-guidelines-range sentence on findings concerning his criminal history that had not been made by a jury.  He correctly suggests, however, that this claim is foreclosed by precedent.  *See United States v. Booker*, 543 U.S. 220, 233 (2005).

AFFIRMED.