# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2011

No. 10-40889
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RIVERA ROSADAO, true name Jose Rivera-Rosado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-975-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Rivera Rosadao appeals from his conviction of illegal reentry after being deported. He argues that his prior Texas conviction for delivery of a controlled substance by actual transfer, constructive transfer, and by offering to sell was not an aggravated felony and that the district court therefore plainly erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2), which provides for a 20-year maximum statutory sentence, instead of § 1326(b)(1), which provides for a 10-year statutory maximum sentence. Though he received only a 41-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, he argues that his case should be remanded for resentencing. He argues in the alternative for a remand to reform the judgment.

Because Rivera Rosadao did not challenge being sentenced under § 1326(b)(2) in the district court, the question whether the district court erred in sentencing him under that subsection is reviewed for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As the Government concedes, Rivera Rosadao's prior Texas conviction for delivery of a controlled substance by actual transfer, constructive transfer, and by offering to sell was not an aggravated felony under 8 U.S.C. § 1101(a)(43). *See United States v. Ibarra-Luna*, 628 F.3d 712, 715-16 (5th Cir. 2010). Therefore, it was error to sentence Rivera Rosadao pursuant to § 1326(b)(2).

The record does not indicate that the district court's error affected Rivera Rosadao's substantial rights. Accordingly, he has failed to demonstrate reversible plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). However, we modify the judgment to reflect a sentence under § 1326(b)(1) instead of § 1326(b)(2), and we remand the case to the district court for the limited purpose of correcting the written judgment to reflect this modification.

AFFIRMED AS MODIFIED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.