**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2012

Lyle W. Cayce
Clerk

No. 11-40794
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO ROMERO-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-281-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Romero-Sanchez appeals the 45-month within-guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. He argues that the district court plainly erred by entering a judgment that reflected a conviction under 8 U.S.C. § 1326(b)(2) when he did not have a prior conviction that qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). Although he concedes that his sentence does not exceed the applicable statutory maximum under 8 U.S.C. § 1326(b)(1) and was within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable guidelines range, Romero-Sanchez argues that the district court's mistaken belief that the statutory maximum sentence was 20 years of imprisonment may have influenced the selection of a sentence. He requests that the matter be remanded for resentencing. The Government concedes error but seeks to have the judgment modified to reflect a conviction under § 1326(b)(1).

Because Romero-Sanchez did not object in the district court on this ground, we review for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, a defendant must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id*.

Romero-Sanchez's previous Florida conviction for which he received a sentence of two years of probation is not an aggravated felony for purposes of § 1326(b)(2). *See* § 1101(a)(43)(F). As both parties agree, the district court erred in entering a judgment reflecting that Romero-Sanchez was convicted under § 1326(b)(2). *United States v. Mondragon-Santiago*, 564 F.3d 367, 368-69 (5th Cir. 2009). However, there is no evidence in the record that the district court's sentence was influenced by an incorrect understanding of the statutory maximum sentence. Additionally, Romero-Sanchez's sentence was below the 10-year statutory maximum of § 1326(b)(1) and was within the correct guidelines range. He does not show that his substantial rights were affected by the district court's error. *See Mondragon-Santiago*, 564 F.3d at 369.

The judgment is the district court is AFFIRMED but REFORMED to reflect a conviction and sentence under 8 U.S.C. § 1326(b)(1). *See id*.