# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2012

No. 11-50810
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAQUEL NICOLE BARRANDEY; ULISIES QUILIMOCO RUBIO; MOISES QUILIMOCO RUBIO,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-48-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Following a joint trial, Raquel Nicole Barrandey, Ulisies Quilimoco Rubio (Ulisies), and Moises Quilimoco Rubio (Moises) were convicted by jury verdict of conspiracy to possess with intent to distribute more than 500 grams of cocaine. Barrandey was sentenced to 135 months of imprisonment and five years of supervised release. Ulisies was sentenced to 97 months of imprisonment and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

five years of supervised release. Moises was sentenced to 121 months of imprisonment and five years of supervised release.

Barrandey and Ulisies argue that there was insufficient evidence adduced at trial to support their convictions and that the circumstantial evidence against them equally or nearly equally supported theories of guilt and innocence. This issue was preserved in the district court, and our review is de novo. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). Viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences to support that verdict, as we must, *id.*, the evidence showed the following. Moises had been identified by police in a previous investigation as a person who used the dietary supplement Inositol to cut cocaine. Moises, Barrandey, and Ulisies each separately bought large amounts of Inositol from a Vitamin World store. In all, 60 kilograms of Inositol, which is normally used to cut cocaine on a one-to-one ratio, were purchased. Drug paraphernalia, plastic baggies, digital scales, Inositol bottles, and acetone, which is used for repackaging cocaine that has already been cut, were all found present at the Rubio residence. Additionally, a very small amount of cocaine, the purity level of which was too low to be tested, was located at the residence. Barrandey stated during an interview that she had seen the Inositol used in the backyard of the residence to cut cocaine. Confronted with this evidence, a rational trier of fact could have concluded that two or more people entered an agreement to violate the narcotics laws, that Barrandey, Ulisies, and Moises knew of the agreement, that Barrandey, Ulisies, and Moises voluntarily participated in the conspiracy, and that the conspiracy involved more than 500 grams of cocaine. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008); *Percel*, 553 F.3d at 910; *United States v. Turner*, 319 F.3d 716, 722-23 & n.7 (5th Cir. 2003).

Barrandey and Moises argue that their Sixth Amendment right to confront witnesses against them was violated when the Government's witnesses referred

to a statement by a non-testifying confidential informant (CI) that cocaine was being sold from Moises's residence, where Barrandey also lived. As this issue was not raised at trial, we review it only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Acosta*, 475 F.3d 677, 680-81 (5th Cir. 2007). Under that standard, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Assuming arguendo that the evidence that Barrandey and Moises complain of was testimonial hearsay that was barred by the Confrontation Clause in light of *Crawford v. Washington*, 541 U.S. 36, 54-56 (2004), Barrandey and Moises cannot show that their substantial rights were affected because the evidence was sufficient to sustain their convictions without reference to statements made by the CI. *See Puckett*, 556 U.S. at 135.

Finally, Moises argues that the Government's witnesses testified to statements Barrandey made during interviews that she had bought Inositol for another person, that she had seen another person cutting cocaine with Inositol, and that she had seen another person cook and smoke crack cocaine on spoons found in the house. Moises contends that, because Barrandey did not testify at trial, he was denied his right to confront Barrandey as to those statements, in violation of *Bruton v. United States*, 391 U.S. 123 (1968). We review this issue, raised for the first time on appeal, only for plain error. *See United States v. Walker*, 148 F.3d 518, 522 (5th Cir. 1998). We conclude that there was no *Bruton* error as the out-of-court statements attributable to Barrandey did not directly implicate Moises and, in light of the evidence that several people lived in the residence, that the Rubios had another brother who was a drug user, and that Moises' friends had been in the home to smoke marijuana, the jury could

only complete the inference that Barrandey's out-of-court statements implicated Moises by relying on the other evidence introduced at trial.  *See id.*

AFFIRMED.