# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2013

No. 12-50087
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER MATA, also known as Roger Mata-Ferreiro, also known as Rogelio
Mata, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1194-2

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roger Mata appeals the three 120-month sentences that the district court
imposed following his convictions for conspiring to import cocaine, conspiring to
possess with intent to distribute cocaine, and possessing with intent to distribute
cocaine. Although we typically review sentences for reasonableness following
the bifurcated process set forth in *Gall v. United States*, 552 U.S. 38, 51 (2007),
Mata concedes that plain error applies because he failed to raise his current

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

arguments in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court." *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009).

We need not decide whether the district court improperly referenced information adduced during Mata's wiretap hearing because Mata's U.S.S.G. § 3B1.1(a) enhancement as an organizer, the validity of which he does not challenge, precluded him from receiving a safety valve adjustment such that the district court could not have sentenced him to less than the 120-month statutory minimum sentences that he received on his convictions for conspiring to import and possess with intent to distribute cocaine. *See* U.S.S.G. § 5C1.2(a)(4); 21 U.S.C. §§ 960(b)(1)(B) and 841(b)(1)(A)(ii). Indeed, his argument that the alleged error affected any of his sentences is entirely conclusory; he fails to show that his substantial rights were violated. *See Mondragon-Santiago*, 564 F.3d at 364.

Mata also contends that the district court failed to consider the sentencing factors of 18 U.S.C. § 3553(a), as mandated by the Supreme Court in *Gall*. He cannot show an effect on his substantial rights because the district court imposed the lowest possible sentence based on the statutory minimum sentence. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

AFFIRMED.