# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2013

Lyle W. Cayce
Clerk

No. 12-20264
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERASTO ANDRADE-ALONSO, also known as Erasto Andrade, also known as
Erasto Andrade Alonso, also known as Erasto Alonso Andrade,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-842-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Erasto Andrade-Alonso ("Andrade") appeals his 46-month sentence of
imprisonment, imposed after he pleaded guilty to illegal reentry following
deportation and a conviction of an aggravated felony. He argues that his
sentence is procedurally unreasonable because the district court abridged his
right under Federal Rule of Criminal Procedure 32(i)(4)(A)(i) to have his counsel
speak on his behalf at sentencing and because the court failed to adequately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

explain the reasons for the sentence it imposed and why it rejected Andrade's arguments for a lower sentence.

The record reflects that the district court gave counsel ample opportunity to present her arguments during the sentencing hearing.  Besides raising issues in the objections to the presentence report ("PSR") and in a Sentencing Memorandum, defense counsel repeatedly challenged the 16-level, offense level increase as overrepresentative of the seriousness of the prior offense and argued that had the prior offense been a federal conviction, it would have resulted in a more favorable sentencing guidelines range.  After counsel had repeatedly made that same argument, the district court admonished her that it was unnecessary for her to repeat it.  However, the district court permitted counsel to make other arguments.  Counsel was afforded an opportunity to fully develop her arguments and to make all objections during the sentencing hearing.  Andrade has failed to show error under Rule 32(i)(4)(A)(i).

Andrade also argues that the sentence was procedurally unreasonable because the district court did not give an adequate explanation for the sentence imposed and did not explain why it was rejecting Andrade's compelling arguments.  Because Andrade objected in the district court to the sufficiency of the district court's reasons, he has preserved the error for appeal.  *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009).

The record reflects that the district court considered the parties arguments, obtained clarifications of defense counsel's arguments for a lower sentence, and also considered the findings in the PSR, the probation officer's comments, and the 18 U.S.C. § 3553(a) factors, including Andrade's criminal history, in deciding not to depart and to impose a sentence at the bottom of the guidelines range.  These comments were sufficient to allow for a meaningful appellate review of the sentence.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *Gall v. United States*, 552 U.S. 38, 50 (2007).

The sentence is AFFIRMED.