**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4747**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHANCE CHRISTIAN KENNEDY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00127-CCE-1)

_____

Submitted:  June 19, 2015                     Decided:  July 2, 2015

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chance Christian Kennedy appeals the 240-month sentence imposed following his guilty plea to transportation of child pornography, in violation of 18 U.S.C. § 2252A (2012). On appeal, Kennedy challenges the substantive reasonableness of his sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, no significant procedural error is alleged, we examine the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. at 51. The sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a) (2012). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Kennedy first asserts that we should not apply the presumption of reasonableness to sentences for child pornography offenses, as the child pornography Sentencing Guidelines did not result from the Sentencing Commission's typical empirical

2

approach, but instead are the result of Congressional intervention designed to increase penalties applicable to child pornography offenses. This argument amounts to a policy attack on the relevant Guidelines, which we have previously rejected. United States v. Strieper, 666 F.3d 288, 295-96 (4th Cir. 2012); accord United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009) (explaining that, although district courts are authorized to disagree with Guidelines on policy grounds and to adjust sentences accordingly, "we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based").

Kennedy also argues that, notwithstanding any presumption of reasonableness applied to his sentence, the sentence is greater than necessary to meet the statutory goals of sentencing. Kennedy focuses on his own youth, developmental and learning disabilities, and lack of prior criminal history in asserting that a more lenient sentence was required. However, the district court considered these factors in fashioning its sentence, ultimately concluding that a sentence below the Guidelines range was inappropriate given the nature and circumstances of the offense and the need to reflect its seriousness, to provide just punishment, and to protect the public. The court observed that Kennedy's offense was particularly serious given the number of victims and images

involved, Kennedy's failure to be deterred by contact with law enforcement, and his "striking" cruelty and exploitation of his victims. In view of these valid considerations, we conclude Kennedy fails to rebut the presumption of reasonableness accorded his sentence.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED