# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTINA MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-169-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christina Moreno pleaded guilty to one charge of being a felon in possession of a firearm and received a within-guidelines sentence of 120 months in prison and a three-year term of supervised release. She contends that her sentence was both procedurally and substantively unreasonable. Many of her arguments are centered on the district court's denial of the Government's U.S.S.G. § 5K1.1 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10005

Under the discretionary sentencing system established by *United States v. Booker*, 543 U.S. 220 (2005), district courts should consider both the Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a) when choosing a defendant's sentence. *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Preserved claims of sentencing error are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

First, Moreno argues that the district court improperly calculated her guidelines range, made erroneous factual findings concerning an agreement she had with the Government, and made several errors in connection with its disposition of the § 5K1.1 motion. Because these specific arguments were not presented to the district court, they are reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, a defendant must show an error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Moreno has not met this standard. The record shows that the district court adopted the PSR, which correctly calculated Moreno's guidelines range. The record also refutes Moreno's assertion that the district court found she perfected an agreement with the Government that resulted in her being charged with a firearms offense instead of a drug-related crime.

Insofar as Moreno argues that the district court's denial of the § 5K1.1 motion was flawed because the court did not explicitly consider certain factors and did not give enough weight to the Government's evaluation of her helpfulness, these arguments are unavailing. District courts have "almost complete discretion to deny" a § 5K1.1 motion. *United States v. Cooper*,

274 F.3d 230, 248 (5th Cir. 2001).  We lack discretion to review the denial of a motion for downward departure unless the denial was due to the district court's mistaken belief that it could not grant the motion.  *Cooper*, 274 F.3d at 248; *see also United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014).

The record does not indicate that the district court mistakenly believed that it could not grant the Government's § 5K1.1 motion.  Rather, the record reflects that the district court knew of its authority to grant the motion but concluded that a downward departure was not warranted under the facts and circumstances of the case.  Consequently, we will not consider the district court's denial of the motion.  *See Cooper*, 274 F.3d at 248.  Moreno has not shown that the district court committed procedural error, plain or otherwise, at sentencing.

Next, Moreno argues that her sentence is substantively unreasonable because the district court gave too much weight to the prosecutor's decision to indict her on the firearms offense and because the district court should not have relied upon this factor to deny the § 5K1.1 motion.  "Appellate review for substantive reasonableness is highly deferential because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).  Sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness in light of the § 3553(a) factors.  *Gall*, 552 U.S. at 51.

When, as is the case here, the district court imposes a sentence within the applicable guidelines range, that sentence is presumptively reasonable, and "[t]he presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives

significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Moreno's arguments concerning the district court's reasons for denying the § 5K1.1 motion are but a thinly-disguised challenge to that denial. As explained earlier, we will not review this denial because it was not grounded in the mistaken belief that the court could not grant the motion. *See Cooper*, 274 F.3d at 248. This argument does not suffice to show that Moreno's sentence is substantively unreasonable.

Finally, insofar as Moreno complains that her sentence is substantively unreasonable because the district court should not have considered her uncharged conduct and the effect of the prosecutor's charging decision on her sentence, this argument is unavailing because these factors are relevant to the nature and circumstances of Moreno's offense as well as her history and characteristics. Thus, under § 3553(a)(1), the district court acted properly by considering these factors. Because Moreno has shown only a disagreement with the appropriateness of the within-guidelines sentence chosen by the district court, she has not shown that her sentence is substantively unreasonable. *See Ruiz*, 621 F.3d at 398.

AFFIRMED.