# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DWAYNE EUGENE HUPP,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-216

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dwayne Eugene Hupp pleaded guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The presentence investigation report (PSR) determined Hupp was a career offender based on two prior convictions for armed robbery, resulting in a total-offense level of 29 and a criminal-history category of VI, pursuant to Sentencing Guideline § 4B1.1(b) and (b)(3). Hupp moved for a downward departure or a downward variance from the advisory-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Guidelines sentencing range of 151 to 188 months' imprisonment.   At sentencing, the district court considered the PSR, Hupp's motion, and the 18 U.S.C. § 3553(a) factors, and concluded a sentence within the advisory sentencing range was appropriate.  The court sentenced Hupp to 188 months' imprisonment on each count, with the terms to be served concurrently.  Hupp challenges his sentence as substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As noted, Hupp does not claim procedural error, including his being classified as a career offender.

Hupp contends he properly preserved his substantive-unreasonableness challenge via his motion for a below-Guidelines sentence; however, our court has previously rejected such an assertion.  *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013), *cert. denied* 134 S. Ct. 1326 (2014); *United States v. Peltier*, 505 F.3d 389, 390–91 (5th Cir. 2007).  Although Hupp maintains *Peltier* and its progeny should be overturned, one panel of this court may not overrule the decision of another absent a superseding change in law or an en banc or Supreme Court decision.  *E.g.*, *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

Thus, because Hupp failed to properly preserve his substantive-unreasonableness challenge in district court, review is only for plain error.

No. 14-31378

*E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Hupp must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Based on his being 51 years of age and in poor health, Hupp maintains his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals provided in § 3553(a).  In imposing sentence, the district court must make an individualized assessment based on the facts presented and should consider the § 3553(a) sentencing factors in the light of the parties' contentions.  *United States v. Mondragon–Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  "Appellate review for substantive reasonableness is highly deferential because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant."  *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (citation and internal quotation marks omitted).

As discussed, although Hupp contends the district court gave too much weight to his career-offender status, he does not assert, by claiming procedural error, that his career-offender classification was erroneous.  Instead, he maintains his career-offender designation produced a sentence that is too harsh.  "Under the plain error standard, [we] will not disturb the sentence imposed merely because an appellant disagrees with the sentence and the balancing of factors conducted by the district court."  *Powell*, 732 F.3d at 382. Hupp fails to rebut the presumption that his within-Guidelines sentence is

No. 14-31378

reasonable.  *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.