# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-10589
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ANTONIO RAMIREZ-JARAMILLO,

Defendant - Appellant

————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-210-1

————————

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Jose Antonio Ramirez-Jaramillo pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. §1326(a) and (b)(1), (2), and was sentenced, *inter alia*, to 34 months' imprisonment, which was within the advisory Sentencing Guidelines sentencing range. He contends: because none of his prior convictions qualify as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), the district court plainly erred in adopting the recommendation

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10589

in the presentence investigation report (to which Ramirez did *not* object) that the applicable statutory maximum was 20 years' imprisonment.

As Ramirez concedes, because he did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ramirez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Even assuming none of Ramirez' prior convictions qualify as an aggravated felony, he has not shown that any error affected his substantial rights. The record does not show the court's selection of the within-Guidelines 34-month sentence was affected in any way by a belief that the statutory maximum sentence was 20 years, pursuant to § 1326(b)(2), rather than 10 years, pursuant to § 1326(b)(1) (the judgment uses the latter sub-section). *See United States v. Mondragon-Santiago,* 564 F.3d 357, 368–69 (5th Cir. 2009); *see also United States v. Rodriguez-Garcia*, 2018 WL 4339799, at *1 (5th Cir. 2018) (stating *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346, 1348 (2016) does not require a different result).

AFFIRMED.