# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10958
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICK ALLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-63-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Frederick Allen was convicted by a jury of conspiracy, distribution, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. He was sentenced to 188 months of imprisonment, to be served concurrently, and three years of supervised release. Allen contends on appeal that the district court erred in imposing the obstruction of justice enhancement under U.S.S.G. § 3C1.1 for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10958

his alleged perjury because the probation officer did not flag this as an issue in the first Presentence Report (PSR).  He argues that the district court's adoption of the PSR addendum was not sufficient to fulfill its obligation to make specific findings required for an obstruction of justice enhancement based on perjury.

A district court's determination that a defendant has obstructed justice is a factual finding which we review for clear error.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  Allen did not object to the specificity of the district court's findings on perjury, so we review this issue for plain error.  *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Allen's PSR addendum, based on the facts as set forth by the Government in its objections, recommended the § 3C1.1 enhancement on the basis of a finding that Allen committed perjury at trial.  Allen did not file a response to the Government's objections; in fact, he did not file any objections to the PSR addendum and did not present any rebuttal evidence at the sentencing hearing.  The district court adopted the findings set forth in the PSR addendum and the Government's position on Allen's false statements.  Allen still made no objection.

In the absence of rebuttal evidence, the district court properly adopted the PSR addendum when it applied the obstruction enhancement.  *See United States v. Kuhrt,* 788 F.3d 403, 424 (5th Cir. 2015).  Adoption of the PSR and the addendum satisfies the requirement that the court make independent findings regarding a § 3C1.1 enhancement.  *See United States v. Perez-Solis*, 709 F.3d 453, 469-70 (5th Cir. 2013).  Allen has not shown that the district court's finding that he obstructed justice by committing perjury constituted plain error.  *See Mondragon–Santiago,* 564 F.3d at 361.

No. 18-10958

Allen also asserts argues that the district court erred in assigning a leader/organizer role to him under U.S.S.G. § 3B1.1(c).  He contends that, at most, he was an intermediate supplier of narcotics.  Allen was an organizer of at least two people in the drug distribution conspiracy, based on (1) the testimony of Jesse James Scott that Allen recruited him to help distribute cocaine in West Texas, and (2) the testimony of Guy Jackson that Allen called him to see if he wanted to buy cocaine.  The probation officer also noted that Allen was essential in organizing the October 22, 2017 drug transaction, given his actions in making or receiving 43 calls to or from Scott and other known drug dealers.  The probation officer added that Allen helped organize the drug deal by driving around the neighborhood to make sure law enforcement had stopped doing surveillance.  After obtaining the drugs from his supplier, Allen delivered them to Scott and accompanied Scott to meet the undercover agent.  These activities support a finding that Allen acted as a leader or organizer in the conspiracy.  *See United States v. Cooper*, 274 F.3d 230, 246-47 (5th Cir. 2001).  Allen's characterization of his role as an intermediate supplier does not prevent him from also being a leader or organizer.  *Id.*

The "record does not give rise to a definite and firm conviction that the district court made a mistake in applying the § 3B1.1(c) enhancement," so the district court did not clearly err in imposing the two-level enhancement.  *United States v. Zuniga,* 720 F.3d 587, 592 (5th Cir. 2013).

AFFIRMED.