# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50768
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALDAIR TORRES-VAZQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-104-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Aldair Torres-Vazquez was convicted of aiding and abetting the transportation or attempted transportation of a non-citizen, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and 18 U.S.C. § 2, and he was sentenced to 18 months of imprisonment and two years of supervised release. On appeal, Torres-Vazquez argues that the district court erred by (1) not applying a three-level decrease to his offense level pursuant to U.S.S.G. § 2L1.1(b)(1) because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the jury found that he did not act for commercial advantage and private financial gain; (2) applying a three-level increase pursuant to U.S.S.G. § 2L1.1(b)(2)(A) for transporting more than six unlawful immigrants; and (3) not applying a three-level reduction under U.S.S.G. § 2X1.1(b)(1) on the basis that he committed an attempt.

These claims were not raised before the district court; thus, our review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). When making factual findings to support a sentence, the district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted). A presentence report (PSR) generally has sufficient indicia of reliability, and the defendant has the burden of rebutting the information contained therein by showing that it is materially untrue, inaccurate, or unreliable. *Id.* at 591.

When an offender violates § 1324(a)(1)(A) "for the purpose of commercial advantage or private financial gain," the statutory maximum sentence of imprisonment increases from five years to 10 years. § 1324(a)(1)(B)(i); *see* § 1324(a)(1)(B)(ii). Section 2L1.1(b)(1) provides for a three-level reduction of a defendant's base offense level if, inter alia, his transportation offense "was committed other than for profit." § 2L1.1(b)(1). In its verdict, the jury did not unanimously agree beyond a reasonable doubt that Torres-Vazquez committed the offense for commercial advantage and private financial gain. Torres-Vazquez asserts that the jury's negative finding on the financial-purpose element required the court to apply the § 2L1.1(b)(1) reduction. However, "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*,

519 U.S. 148, 157 (1997).   In this case, the trial evidence, which was incorporated into the PSR, showed that Torres-Vazquez told Border Patrol agents that he was to be paid $1,000 for transporting the individuals and that he needed the money to pay his mortgage.  Torres-Vazquez did not meet his burden to show that the facts contained in the PSR were materially untrue, inaccurate, or unreliable.  *See Zuniga*, 720 F.3d at 591.  Therefore, the district court was entitled to rely on the facts in the PSR, which indicated that Torres-Vazquez expected payment for the transportation of the individuals.  *See id.*  Further, to the extent that Torres-Vazquez argues that he did not receive any payment, the commentary to the Guideline requires only an "expectation of payment." § 2L1.1, cmt. n.1.  Accordingly, the district court did not plainly err by not reducing the base offense level by three pursuant to § 2L1.1(b)(1)(A).

Torres-Vazquez also challenges the district court's application of § 2L1.1(b)(2) based on its determination that the offense involved more than six undocumented immigrants.  The undisputed facts in the PSR show that Torres-Vazquez aided and abetted an undocumented immigrant smuggling venture and engaged in joint criminal activity that involved between six and 24 undocumented individuals.  *See Zuniga*, 720 F.3d at 591; *see also United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007) (defining aiding and abetting);  U.S.S.G.  § 1B1.3(a)(1)  (discussing relevant conduct).   Because Torres-Vazquez did not introduce any evidence to show that the PSR was materially untrue, inaccurate, or unreliable, the district court was entitled to rely on the facts in the PSR showing that Torres-Vazquez aided and abetted a smuggling venture that involved between six and 24 undocumented individuals.  *See Zuniga*, 720 F.3d at 591.  The district court did not plainly err in finding that the offense involved more than six undocumented immigrants and applying § 2L1.1(b)(2).

Finally, Torres-Vazquez argues that the district court should have applied § 2X1.1, which covers attempts, solicitations, and conspiracies, and specifically should have applied the three-level decrease provided for in § 2X1.1(b)(1).  The facts in the PSR reflect that Torres-Vazquez, by associating with the smuggling venture, aided and abetted reasonably foreseeable joint criminal activity: the transportation of Gallego-Marcos and other undocumented individuals across the border and through Texas.  *See Pando Franco*, 503 F.3d at 394.  Torres-Vazquez did not rebut the facts in the PSR by providing evidence that he aided and abetted an attempt rather than a completed offense.  *See Zuniga*, 720 F.3d at 591; *see also United States v. Sanchez*, 667 F.3d 555, 561-62 (5th Cir. 2012) (defining criminal attempt).  Further, even if we assume that Torres-Vazquez's offense was simply an attempt offense, he has not demonstrated that the district court plainly erred by not applying the reduction.  Section 2X1.1(b)(1) does not apply where "the circumstances demonstrate that the defendant was about to complete all [the acts he believed necessary for successful completion of the substantive offense] but for apprehension or interruption by some similar event beyond the defendant's control."  § 2X1.1(b)(1).  The record shows that Torres-Vazquez made substantial progress toward completing the offense and that the only step remaining was the actual transportation of the undocumented individuals.  *See United States v. John*, 597 F.3d 263, 283 (5th Cir. 2010); *United States v. Waskom*, 179 F.3d 303, 308-09 (5th Cir. 1999).  Torres-Vazquez's offense was "interrupted or prevented on the verge of completion by the intercession of law enforcement authorities," and therefore the district court did not plainly err in its failure to apply the three-level decrease.  § 2X1.1, cmt. backg'd.

Accordingly, the judgment of the district court is AFFIRMED.