# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-10164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL ENRIQUEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-216-11

————

Before HIGGINBOTHAM, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Israel Enriquez appeals the 360-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. He argues that the district court committed a clear or obvious error that affected his substantial rights by miscalculating his advisory guidelines range of imprisonment and imposing a sentence within that range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10164

Because Enriquez failed to object in the district court to the calculation of his base offense level or the sentence imposed, the challenge to the procedural reasonableness of his sentence that he raises on appeal was not preserved and is reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). To prevail on plain error review, Enriquez must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error but will do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citations omitted).

It is undisputed that the quantities of methamphetamine (not actual) were erroneously calculated and that, as a result, the marijuana equivalency for those drug quantities was also miscalculated, resulting in an incorrectly calculated base offense level and guidelines sentencing range. Thus, as the Government concedes, Enriquez has shown a forfeited error that is clear or obvious and has thus satisfied the first two prongs of the plain error analysis. *See Puckett*, 556 U.S. at 135.

To satisfy the third prong of the plain error analysis, "the defendant ordinarily 'must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted)). Absent the mathematical error, Enriquez's total offense level would have been reduced from 39 to 37, and his guidelines range would have been 292 to 365 months of imprisonment instead of 360 to 480 months of imprisonment. While an error that results in a higher guidelines range "usually establishes a

reasonable probability that a defendant will serve a prison sentence that is more than necessary to fulfill the purposes of incarceration," *Randall*, 924 F.3d at 796 (internal quotation marks and citation omitted), that fact is not dispositive of whether the error affected the defendant's substantial rights. Rather, "[a] defendant may not carry his plain error burden . . . if the sentencing court nevertheless concluded the chosen sentence was appropriate regardless of the correct Guidelines range or the sentence was based on factors independent of the Guidelines." *Id.* (internal quotation marks and citations omitted).

In this case, the district court not only concluded that a 360-month sentence was appropriate even if the guidelines range was wrong but also stated that the sentence was appropriate based on the factors set forth in 18 U.S.C. § 3553(a). Under the circumstances, there is no reason to believe that the court would have imposed any sentence other than the chosen sentence absent the mathematical error.

Enriquez has not satisfied his burden of showing that the forfeited clear error affected his substantial rights. *See Puckett*, 556 U.S. at 135; *Randall*, 924 F.3d at 796. Accordingly, the judgment of the district court is AFFIRMED.