# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2020

Lyle W. Cayce
Clerk

No. 18-10971
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICHOLAS GOMEZ; COTY FRANKS,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-8-2
USDC No. 4:18-CR-8-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Nicholas Gomez and Coty Franks were indicted for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. A jury found them guilty as charged. Both Gomez and Franks appeal, challenging the sufficiency of the evidence to support the convictions. Gomez argues that the evidence did not establish that he joined a conspiracy and instead only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10971

showed that he entered into an agreement with his girlfriend, Sueellen Mobley, to participate in a small conspiracy involving less than 500 grams of methamphetamine. Franks argues that the evidence did not establish that he entered into an agreement to violate the narcotics laws or that he should have reasonably foreseen that the conspiracy involved 500 grams or more of methamphetamine. He contends that the evidence showed that he only sold small amounts, that he was not part of the larger conspiracy, and that, even if he was part of the conspiracy, the amount of 500 grams was not reasonably foreseeable based on his jointly undertaken criminal activity.

Gomez also challenges the admissibility at trial of his statements to law enforcement authorities.[1] He contends that the Government objected to the use of portions of the statement in the preparation of the presentence report and that the Government's post-trial objection establishes that the statement was not reliable and should not have been admitted.

I.

Both Gomez and Franks moved for judgments of acquittal at the close of the Government's case, and therefore, preserved the challenge to the sufficiency of the evidence; we review de novo. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). In reviewing a challenge to the sufficiency of the evidence, we must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-*

---

[1] In his Statement of the Issues, Gomez also challenges the sentencing guidelines enhancement for possession of a weapon but fails to address this point in his brief, waiving any challenge. In any event, he was sentenced to the statutory mandatory minimum pursuant to the penalty enhancement filing by the Government under 21 U.S.C. § 851 such that calculation of the guidelines did not affect his sentence.

No. 18-10971

*Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

To obtain a conviction under § 841(a)(1), the Government must prove that the defendant knowingly possessed a controlled substance with the intent to distribute it. *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008); § 841(a)(1). A conviction for conspiracy to violate § 841(a)(1) requires proof that an agreement existed between two or more persons to violate federal narcotics laws, that the defendant knew of the agreement, and the defendant voluntarily participated in the conspiracy. *Id.*; § 846. Additionally, the Government was required to show that Gomez and Franks were directly involved with 500 grams or more of methamphetamine or that 500 grams or more of methamphetamine was a reasonably foreseeable quantity of methamphetamine within the scope of jointly undertaken criminal activity. *See United States v. Haines*, 803 F.3d 713, 739-41 (5th Cir. 2015).

Mobley testified that Gomez assisted her in arranging and performing drug transactions. He accompanied Lee on a trip to obtain a kilogram of methamphetamine. Text messages between Mobley and Gomez reveal discussions over potential drug transactions. Gomez provided statements to authorities indicating his knowledge of the large quantities of methamphetamine trafficked by Mobley and Lee. He also submitted a letter indicating that he was involved in a major drug-trafficking organization. This evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Gomez entered into an agreement with persons to violate the narcotics law and that 500 grams or more of methamphetamine was a reasonably foreseeable quantity of methamphetamine within the scope of his jointly undertaken criminal activity. *Haines*, 803 F.3d at 739-41; *Patino-Prado*, 533 F.3d at 309.

No. 18-10971

Regarding Franks, Mobley testified that she had a relationship built on some form of trust. He came to her residence to perform drug transactions. Mobley initially purchased methamphetamine from Franks before he became her customer. He engaged in approximately 10 transactions with her with amounts ranging from seven grams to one ounce. Text messages between Franks and Mobley revealed that he was selling the methamphetamine he purchased from Mobley. Thus, there was sufficient evidence of an agreement to violate the narcotics laws. *See Patino-Prado*, 533 F.3d at 309.

Additionally, there was evidence that Franks sought to obtain contact information for Stephen Lee, and the evidence showed that Lee was a large-scale supplier of methamphetamine. Mobley was living with Lee at one point, and Franks came to the house to engage in a drug transaction. Messages from Franks to other conspirators revealed he had knowledge of a source that provided methamphetamine in large quantities. Viewed in a light most favorable to the Government, the evidence established that 500 grams or more of methamphetamine was a reasonably foreseeable quantity of methamphetamine to Franks and within the scope of jointly undertaken criminal activity. *See Haines*, 803 F.3d at 739.

## II.

Though Gomez objected to the admissibility of his statement at trial, his argument was based on the assertion that it was cumulative of other testimony and therefore not admissible under Federal Rule of Criminal Procedure 403. He did not contend that the statement was unreliable and did not make any argument at sentencing challenging the statement. Accordingly, review is limited to plain error. *See United States v. Vasquez,* 766 F.3d 373, 379 (5th Cir. 2014); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

4

No. 18-10971

Gomez's conclusory argument fails to show that the Government's objection to the uncorroborated use of information regarding one drug deal means that all of Gomez's statements (specifically, those admitted at trial) are unreliable under plain error review.  He does not show that the district court committed clear or obvious error in admitting his statements at trial.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Vasquez,* 766 F.3d at 379. Even if the admission of the statements was plain or obvious error, the error did not affect Gomez's substantial rights.  *See Puckett*, 556 U.S. at 135; *Vasquez,* 766 F.3d at 379.  In light of text messages, Mobley's testimony, and Gomez's letter, the evidence of Gomez's guilt was substantial even without the admission of his statement.

The judgments of the district court are AFFIRMED.