# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30355
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Nathan Salas,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-273-1

————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Kenneth Nathan Salas appeals the 130-month sentence imposed following his conviction of persuading a minor to engage in criminal sexual activity. He argues that the district court imposed an unreasonable sentence.

Despite his procedural challenge to the contrary, the district court's explanation for Salas's sentence was not inadequate, and certainly not clearly

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

or obviously so. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). Salas fails to demonstrate or even argue, as he must, that there is a reasonable probability that the court would have imposed a lesser sentence had it given a fuller explanation. *See Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 361.

Salas also argues that his sentence was substantively unreasonable because the district court did not account fully for his personal history and circumstances, including cognitive impairments, and that it gave significant weight to unsupported speculation that his conditions amounted to inevitable future dangerousness. However, the record reflects that the district court weighed each 18 U.S.C. § 3553(a) factor in regard to Salas and determined that his mitigating arguments were outweighed by other § 3553(a) factors, *see United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011), and we will not reweigh the district court's analysis of those relevant factors, *see United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Salas's arguments equate to a disagreement with the district court's sentence, which is insufficient to rebut the presumption of reasonableness attached to his within-guidelines sentence. *Id*. at 761-62.

AFFIRMED.